**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Lematavous Regtez Collins,                    )<br>                                                             )<br>                            Movant,            )<br>                                                             )<br>       vs.                                               )<br>                                                             )<br>United States of America,                    )<br>                                                             )<br>                            Respondent.     )<br>_____)  | 1:10-cr-466-MBS<br><br>**ORDER AND OPINION** |

Movant Lematavous Regtez Collins ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I. Factual and Procedural Background**

On April 21, 2010, a federal grand jury returned an indictment charging Movant with various violations of federal drug and firearm laws. ECF Nos. 2-3. Movant was released on bond after his arrest under the original indictment on May 27, 2010. ECF Nos. 119, 122-24. One of the conditions of Movant's bond was that he not violate any federal, state or local law while on release. ECF No. 124 at 1. On August 18, 2010, a federal grand jury returned a superseding indictment charging Movant with conspiracy to possess and distribute cocaine and cocaine base in violation of 21 U.S.C. 846 (Count 1); possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (Count 9); and two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 27 & 28). ECF No. 319. The superseding indictment also contained forfeiture allegations. *Id*.

On August 23, 2010, Movant entered into a proffer agreement with the United States. ECF No. 638-1. The proffer agreement provided that Movant's "violation of federal or state law or of

1

the provision of any bond executed in this cases constitutes a breach of this Agreement, and upon such violation, the Government may use for any purpose any and all statements made and other information provided by [Movant] in the prosecution of [Movant] on any charges." *Id*.

On September 9, 2010, the Government provided Movant's pre-trial attorney with copies of recorded phone conversations between Movant and an indicted co-defendant, Maurice Bradham ("Bradham"). The seventy-seven tapes were recorded post-indictment and post-arrest of both defendants while Bradham was cooperating. ECF No. 657-3. The tapes were not shared with the prosecutors or agents involved in the case.[1] ECF No. 657-2.

On September 17, 2010, this court issued an arrest warrant for Movant based on allegations that he had been threatening witnesses who were to testify against him at trial. ECF No. 386. Movant was re-arrested on December 28, 2010. Magistrate Judge Paige J. Gossett granted the Government's motion to revoke Movant's bond on December 29, 2010. ECF Nos. 508-09.

On March 4, 2011, Movant's pre-trial attorney moved to withdraw. ECF No. 596. A hearing on the motion was held before Magistrate Judge Gossett on March 10, 2011. ECF No. 606. At the hearing, Movant's pre-trial counsel represented to the court that Movant no longer trusted pre-trial counsel's advice and that absence of trust "really divides [pre-trial counsel's] ability to adequately prepare for and be ready to represent [Movant] to the fullest possible extent knowing that there is this underlying dissatisfaction with my ability to handle the case." ECF No. 940 at 10:10-17.

---

[1] At the time the tapes were made, Movant was represented by pre-trial counsel. The U.S. Attorney's Office set up a "Chinese Wall" through an Assistant United States Attorney who was not assigned to the case who reviewed the tapes to determine if they contained evidence of new criminal conduct. Because that "taint attorney" determined that the calls were primarily about the existing indictment, neither the Assistant United States Attorney prosecuting the case nor the agents assigned to the case listened to the tapes. *See* ECF Nos. 657 & 657-3.

Movant, however, disagreed stating: "I don't think nobody around here can represent me better than [pre-trial counsel]. I don't want nobody else. . . . I really want him to represent me." *Id*. at 13:6-13. However, based on pre-trial counsel's representation that pre-trial counsel was unable to provide constitutionally effective representation because of the deterioration in his relationship with Movant, Judge Gossett granted the motion to withdraw. *Id*. at 19:13-22.

Movant retained trial counsel, who entered a notice of appearance in the case on March 21, 2011. ECF No. 6012.

Via email, the Assistant United States Attorney conveyed to Movant's trial counsel on March 23, 2011, an offer of a guilty plea which would carry a sentence of ten years to life imprisonment. ECF No. 1243-1. Movant's trial counsel received a second email that same day. ECF No. 1243-2 (email from AUSA to Movant's trial counsel). Movant's trial counsel indicated in his affidavit that the AUSA "offered the potential for a plea to a sentence of 210-262 months without cooperation . . . . [Movant and trial counsel] did discuss the government's offer and possible penalties." ECF No. 1243-3. Movant claims he was never informed of a plea offer by trial counsel. ECF No. 1248 at 11.

On April 15, 2011, Movant filed a motion to suppress the proffer statement, arguing that it was obtained in violation of his rights under the Fourteenth Amendment Due Process Clause and the Sixth Amendment right to counsel. ECF No. 643. Movant also filed a motion to suppress the proffer statements on the grounds that they were obtained in violation of Movant's Fifth Amendment right against self-incrimination. ECF No. 659. Movant argued that the delay in disclosing the seventy-seven tapes of the phone conversations between Bradham and Movant was a violation of the Government's obligation to disclose exculpatory or impeaching evidence under *Brady v.*

3

*Maryland*, 373 U.S. 83 (1963). The court held a hearing on the suppression motions on April 25, 2011. ECF No. 673.

At the suppression hearing, the court heard testimony from Movant's pre-trial counsel and Movant concerning whether or not Movant would have entered into the proffer agreement had he known about the recorded phone conversations between himself and Bradham. ECF No. 937. Pre-trial counsel attested that, prior to Movant entering into the proffer agreement with the Government, pre-trial counsel and Movant met with the prosecutor to review some of the evidence against Movant. ECF No. 937 at 80-81. Pre-trial counsel testified that prior to entering into the proffer agreement Movant knew that cooperating co-defendants were prepared to testify concerning a controlled purchase of crack cocaine that Movant made. ECF No. 937 at 81-82. According to pre-trial counsel, Movant signed a proffer agreement only after pre-trial counsel reviewed it with Movant "more than once." ECF No. 937 at 83. Pre-trial counsel stated that he advised Movant that Movant must tell the truth, abide by federal and state law, abide by the terms and conditions of any bonds executed in his case, and that if he violated any of those terms, the statements made pursuant to the proffer could be used against him. ECF No. 937 at 83-84.

Movant also testified at the suppression hearing. According to Movant, in July 2010, Movant learned that Bradham was a witness against him. ECF No. 937 at 107. Movant testified that, based on pre-trial counsel's representations to him that Bradham would be a witness against him at trial, Movant believed that the Government had a strong case against him. ECF No. 937 at 108-109. Movant then testified that based on the information he received from pre-trial counsel and others that Bradham would testify against him at trial, he and pre-trial counsel came to a decision that he would sign a proffer. ECF No. 937 at 110. Movant testified that "based on everything that was

happening" with Bradham pleading guilty and the return of a superseding indictment, Movant decided to sign a proffer agreement. ECF No. 937 at 111.

After hearing the testimony, the court concluded that "the tapes are not exculpatory," and therefore there had been no violation of *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 937 at 127:11-14. The court also concluded that Movant presented "no reason" to exclude the proffer statement on Sixth Amendment grounds. *Id*. at 127:19-21.

A four day jury trial was held in May of 2011. On May 13, 2011, the jury returned a verdict of guilty as to Count 1, conspiracy to possess with the intent to distribute or the distribution of controlled substances. ECF No. 720 at 1. The jury specially found that the conspirators possessed with the intent to distribute or distributed five kilograms or more of cocaine and a detectible quantity or more of marijuana. *Id*. at 2. The jury made the same findings on drug type and quantity attributable to Movant. The jury was deadlocked as to Counts 9 and 27 and the court declared a mistrial as to those counts. ECF No. 722. The jury returned a verdict of not guilty as to Count 28. ECF No. 720. After the return of the verdict, Movant waived the right to a jury determination on the forfeiture allegation and elected to have a forfeiture hearing in front of the court at a future date. ECF No. 965 at 17-18.

On May 19, 2011, Movant's trial attorney made motions for acquittal or in the alternative for a new trial. ECF No. 725. In those motions, Movant challenged the sufficiency of the evidence used to convict Movant on the conspiracy count. By order dated July 8, 2011, the court denied Movant's motions for acquittal or a new trial. ECF No. 783.

The United States Probation Office prepared a Pre-Sentence Investigation Report ("PSR"). ECF No. 915. The PSR calculated Movant's base offense level as 36 based on a calculation of the

drug quantity attributable to Movant of 41,678.21 kilograms of marijuana equivalent. *Id*. at 25. The PSR also recommended that the court apply a two-level firearm increase pursuant to U.S.S.G. § 2D1.1(b). *Id*. The report further recommended that the court apply a three-level role enhancement pursuant to U.S.S.G. § 3B1.1(b) because testimony at trial indicated that Movant was a manager or supervisor of criminal activity involving five or more participants. *Id.* at 14. The PSR also recommended a two-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1 because of reports to government agents that Movant threatened witnesses. *Id*. at 14-15. Accordingly, the PSR determined Movant's adjusted offense level to be 43. *Id*. at 26. Movant filed several objections to the Pre-Sentence Investigation Report. ECF No. 891. Movant objected to the PSR's calculation of drug weights and to the firearm, role, and obstruction enhancements. *Id*.

The court held a sentencing hearing on September 26, 2011. The court overruled Movant's objections to the calculation of drug weights, to the application of the firearm enhancement pursuant to U.S.S.G. § 2D.1.1(b), and to the application of an enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. ECF No. 938 at 69. The court sustained Movant's objection to a role-enhancement pursuant to U.S.S.G. § 3B1.1. *Id*. Based on these conclusions, the court found Movant to have a total offense level of 40 and a criminal history category of 3, resulting in a sentencing range under the United States Sentencing Guidelines of 360 months to life imprisonment. *Id*. The court sentenced Movant to 360 months imprisonment. ECF No. 898. The court also entered judgment against Movant for $1,000,000.00 and entered a forfeiture order. ECF No. 897.

Movant appealed his conviction and sentence. ECF No. 904. The Court of Appeals for the Fourth Circuit issued its mandate and judgment on October 9, 2012. ECF No. 1016. The Fourth Circuit affirmed Movant's conviction and sentence. *United States v. Collins*, 493 F. App'x 418 (4th

Cir. 2012) (per curiam). With regard to this court's denial of Movant's motion to suppress Movant's statements because of the timing of the disclosure of the seventy-seven recorded phone calls with Bradham, the Fourth Circuit "thoroughly reviewed the record" and concluded that "the district court did not err in concluding that the challenged evidence was not favorable to [Movant] as it was not exculpatory or impeaching." *Id*. at 419. The Fourth Circuit also found that "there was substantial evidence to support the jury's finding of guilt." *Id*. at 420. With respect to sentencing, the Fourth Circuit concluded that the district court made no error in calculating the amount of drugs involved or in applying the firearm enhancement of U.S.S.G. § 2D1.1(b). *Id*.

On December 16, 2013, Movant filed the within § 2255 motion. ECF No. 1214. The Government filed a response in opposition and moved for summary judgment on March 21, 2014. ECF Nos. 1243-44. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on March 21, 2014, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 1245. Movant filed a reply on April 16, 2014. ECF No. 1248.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court

that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

In the memorandum accompanying his motion, Movant asserts eight grounds for relief: one prosecutorial misconduct claim, two ineffective assistance of counsel claims against his pre-trial counsel, and five ineffective assistance of counsel claims against his trial counsel. ECF No. 1214-1. Movant's claims are addressed below in sequence.

### III. Prosecutorial Misconduct

Movant claims that the Government improperly withheld the seventy-seven audiotapes of Movant's conversations with Bradham until after Movant entered into a proffer agreement. ECF

No. 1214-1 at 5. Movant asserts that this delay was "specifically designed to coerce a plea [sic] from [Movant]." *Id.* To prevail on a claim of prosecutorial misconduct, Movant bears the burden of showing both that (1) the prosecutors engaged in improper conduct and (2) "that such conduct prejudiced [Movant's] substantial rights so as to deny the [Movant] a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005) (citing *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993). Prosecutors may not withhold favorable evidence if it is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The duty to disclose such evidence is applicable even though there has been no request by the accused. *United States v. Agurs*, 427 U.S. 97, 107 (1976). The duty encompasses impeachment evidence as well as exculpatory evidence. *United States v. Bagley*, 473 U.S. 667, 676 (1985). In this case, both this court and the Fourth Circuit concluded that the evidence contained in the seventy-seven tapes was neither exculpatory nor impeaching and, therefore, that there was no duty to disclose them under *Brady*. *See* ECF No. 937; *United States v. Collins*, 493 F. App'x 418 (4th Cir. 2012) (per curiam). Movant does not have a claim for prosecutorial misconduct based on a *Brady* violation.[2]

---

[2] The right protected under *Brady* is the right to a fair trial. The Constitution does not require the government to disclose impeachment information prior to entering a plea agreement with a criminal defendant. *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Although the Supreme Court declined to reach the issue of whether or not substantive exculpatory evidence needed to be disclosed prior to the entry of a plea agreement, given the reasoning of *Ruiz* characterizing *Brady* as conferring a trial right, it is possible that no disclosure of favorable information at all is required prior to entering a plea. *See McBride v. Bryant*, No. 8:12-cv-2895, 2013 WL 4500050 at *15 (D.S.C. Aug. 21, 2013) (discussing when disclosure of favorable information is required in the plea agreement context). Here, Movant's challenge involves a proffer agreement, not a plea agreement where a defendant agrees to admit guilt. The Government disclosed the tapes at issue well before trial. To impose on the Government a disclosure obligation of (at best) neutral evidence at the proffer stage would go much beyond the requirements of the Due Process Clause articulated in *Brady*.

Prosecutors have disclosure obligations during discovery independent of their duties under *Brady* and its progeny. Prosecutors must abide by federal discovery rules. *See*, *e.g.*, Fed. R. Crim. P. 16 (outlining disclosure obligations during discovery). Courts have broad discretion in imposing sanctions on parties who violate discovery rules and orders. *United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999); *see also* Fed. R. Crim. P. 16(d)(2) (allowing a court to "enter any other order that is just under the circumstances" where a party fails to comply with the provisions of the rule). If the violations of discovery rules are sufficiently prejudicial, courts may impose as a sanction the reversal of a conviction and may order a new trial. *See United States v. Muniz-Jaquez*, 718 F.3d 1180 (9th Cir. 2013) (nondisclosure of border patrol dispatch tapes associated with agent's report of defendant's location in prosecution for being deported alien found in the United States warranted remand for a determination of whether a new trial was necessary); *United States v. Lee*, 573 F.3d 155 (3d Cir. 2009) (failure to disclose back of hotel registration card sufficiently prejudicial that a new trial was ordered); *United States v. Thomas*, 239 F.3d 163 (2d Cir. 2001) (new trial ordered for prosecutor's violation of discovery rule requiring "prompt" disclosure of transcript of defendant's testimony at prior administrative proceeding). Movant's case is not, however, one of nondisclosure of evidence. Here, the Government disclosed the seventy-seven tapes to Movant well before trial. The court concludes that the timing of the Government's disclosure did not prejudice Movant's substantial rights "so as to deny [him] a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). The court, therefore, grants the Government's motion for summary judgment with respect to Movant's prosecutorial misconduct claim.

### IV. Ineffective Assistance Counsel

To prove ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. *Strickland* requires a defendant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction unless the defendant can also demonstrate prejudice; that is, but for the trial counsel's error the judgment would have been different. *Id.* at 694.

#### A. Ineffective Assistance of Pre-Trial Counsel

Movant argues that he received ineffective assistance of counsel from his pre-trial counsel. Movant contends pre-trial counsel was ineffective for (1) advising Movant to enter into the proffer agreement where the "prosecutor had mislead [sic] [pre-trial counsel] as to the strength of its case" because the Government did not disclose the seventy-seven tapes until after the proffer agreement had been signed and for (2) "abandoning" Movant when pre-trial counsel withdrew from the case.

To succeed on his first claim for ineffective assistance of counsel against his pre-trial counsel, Movant must show that pre-trial counsel's advice with respect to the proffer agreement was outside the "wide range of professionally competent" advice pre-trial counsel could have given. As noted above, *supra* Part I, the court heard testimony from both Movant and pre-trial counsel at the suppression hearing held on May 2, 2011. At that hearing, Movant indicated that he knew Bradham

11

was testifying against him. Both Movant and pre-trial counsel deemed the Government to have a strong case. On these facts, the court cannot conclude that pre-trial counsel's advice to Movant regarding the proffer agreement was outside the wide range of professionally competent advice.[3] The court, therefore, grants summary judgment to the Government with respect to Movant's claim of ineffective assistance of counsel regarding the proffer agreement.

Next, Movant contends that pre-trial counsel was ineffective for "abandoning" Movant. At a hearing on pre-trial counsel's motion to withdraw, pre-trial counsel stated that he was unable to provide Movant with constitutionally adequate representation because of the numerous conflicts between pre-trial counsel and Movant and the resulting deterioration in their relationship. Trial counsel entered an appearance in the case within three weeks after the withdrawal of pre-trial counsel. Because, for reasons explained more fully below, the court concludes that trial counsel rendered Movant effective assistance, Movant cannot show that he was prejudiced by the withdrawal of pre-trial counsel. The court, therefore, grants the Government's summary judgment motion with respect to Movant's ineffective assistance of counsel claim against pre-trial counsel for pre-trial counsel's withdrawal.

---

[3] Movant's failure to abide by the conditions of his bond and the consequences of that failure, i.e., the admissibility at trial of the proffer statements, cannot be ascribed to pre-trial counsel particularly where, as here, pre-trial counsel advised Movant that the proffer statements would be admissible against him in the event Movant violated the conditions of his bond. "[Movant] cannot claim his counsel was ineffective when it was [Movant]'s ultimate failure that led to the events he now complains of." *United States v. Bennett*, No. C.A.0:07-70021-JFA, 2008 WL 7375853, at *7 (D.S.C. Nov. 18, 2008) (finding no ineffective assistance of counsel where counsel advised defendant to enter a plea agreement requiring defendant to submit to a polygraph examination which defendant subsequently failed).

12

### B. Ineffective Assistance of Trial Counsel

Movant asserts that his trial counsel was ineffective for five reasons: 1) trial counsel did not present Movant with any plea offer or seek plea negotiations; 2) trial counsel failed to make an objection at sentencing regarding the statutory maximum sentence; 3) trial counsel failed to properly argue the motion for a new trial after the jury's verdict; 4) trial counsel failed to pursue the appropriate argument on appeal; and 5) trial counsel erred in seeking severance of the forfeiture count.[4] ECF No. 1214-1 at 10-20.

*1. Presentation of the Plea Offer*

In *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012), the Supreme Court reiterated that a Defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. Where the prejudice alleged is standing trial instead of accepting a plea, *Lafler* recognized that the following elements must be shown in order to sustain an ineffective assistance of counsel claim: (1) a [movant] must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances); (2) that the court would have accepted its terms; and (3) that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. *Lafler*, 132 S. Ct. at 1385.

---

[4] Movant also asserts that his sentence was "imposed in violation of the constitution or laws of the United States" and argues that on the facts of his conviction the court was only permitted to sentence him to a maximum of five years imprisonment. ECF No. 1214-1 at 20-25. Because this is the same contention underlying Movant's second and fourth ineffective assistance of counsel claims against his trial counsel, the court addresses the merits of this argument in tandem with its consideration of the ineffective assistance of counsel claims.

Here, Movant contends that he was never advised of any plea offer made by the Government. This assertion directly contradicts the information contained in the affidavit of Movant's trial counsel in which trial counsel avers that he communicated a potential plea bargain to Movant. ECF No. 1243-3 at 1-2. Assuming for the purposes of summary judgment that the plea offer was not communicated to Movant, nowhere in either of his filings does Movant assert that he would have accepted the plea had it been offered nor does he state any facts from which the court could infer that he would have accepted the plea as required by the second *Lafler* element. On these facts, Movant has not made the requisite showing of prejudice under *Strickland*. The court grants summary judgment to the Government on Movant's claim pursuant to *Lafler*.

*2. Objections at Sentencing*

Movant asserts that his trial counsel was ineffective at sentencing for failing to argue that Movant's sentence was capped at sixty months because, under *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), the court would have been statutorily required to sentence him based on the "least-punished drug." Movant also directs the court to *Edwards v. United States*, 523 U.S. 511 (1998), and *United States v. Quicksey*, 525 F.2d 337 (4th Cir. 1975), which he contends both also support his argument.

*Rhynes, Quicksey,* and *Edwards* all stand for the proposition that a district court is prohibited from imposing a sentence in excess of the statutory maximum for the least-punished object on which the conspiracy conviction could have been based. *Rhynes*, 196 F.3d at 239. The issue in *Rhynes* was that the district court did not send a special verdict form to the jury requiring them to make findings with respect to the types and quantities of the drugs involved in the conspiracy. The district court in that case properly instructed the jury that it could find a defendant guilty on Count 1 if the

14

jury determined that such defendant had conspired "to distribute or possess with intent to distribute, heroin, or cocaine, or cocaine base, or marijuana." *Id*. The jury returned a *general* verdict finding all defendants guilty on Count 1, but the Government did not request a special verdict form. The *Rhyne* court noted that "it is the government's responsibility to seek special verdicts." *Id.* On those facts, the district court could only base its sentence upon the least punished drug because the jury did not return a specific finding as to the type of drug(s) involved in the conspiracy. The facts of *Quicksey* and *Edwards* are similar, involving the scope of a district court's sentencing discretion in cases where the jury returned a general verdict. *See Edwards*, 523 U.S. at 514-15; *Quicksey*, 525 F.2d at 341-42.

Movant's case is distinguishable from *Rhynes, Quicksey,* and *Edwards* because in Movant's case the Government sought and the court used a special verdict form that required the jury to make special findings with respect to the types and quantities of drugs attributable to the conspiracy as a whole and to Movant in particular with respect to Count 1. As noted above, the jury reached verdicts on marijuana and five kilograms or more of cocaine, which required the court to sentence Movant in the range of ten years to life, based on a drug quantity of five kilograms or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A). *See also* ECF No. 720.

The objection Movant faults his counsel for not raising at sentencing was, therefore, without merit. Failure to raise a meritless objection can never constitute ineffective assistance of counsel. *United States v. Kilmer,* 167 F.3d 889, 893 (5th Cir. 1999) (stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); *United States v. Victoria*, 876 F.2d 1009, 1013 (1st Cir. 1989) ("Since raising meritless

points would not have affected the outcome of the trial, counsel's failure to raise them did not constitute 'ineffective assistance.'"). The court grants summary judgment to the Government on Movant's ineffective assistance of counsel claim related to sentencing objections by his trial counsel.

### *3. Ineffective Assistance at the Post-Conviction Stage*

Movant next argues that his counsel was ineffective for not arguing after conviction that Movant was deprived of his Sixth Amendment rights because the "jury did not substantially follow the court's instruction that . . . it had to find that [Movant] conspired to possess with intent to distribute cocaine, cocaine base, *and* marijuana . . . and not [just] cocaine and marijuana." ECF No. 1214-1 at 15 (emphasis in the original). "In order to prove that [Movant] conspired to possess with intent to distribute and distribute marijuana and cocaine, the Government needed to show (1) an agreement between two or more persons, (2) that [Movant] knew of the agreement, and (3) that [Movant] knowingly and voluntarily joined the conspiracy." *United States v. Collins*, 493 F. App'x 418, 419 (4th Cir. 2012) (per curiam) (citing *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc)). The Government was not required to prove a drug quantity in order to prove a drug conspiracy. The court instructed the jury that it should only determine the amount of drugs attributable to Movant after it had determined that Movant was a member of the conspiracy. ECF No. 717 at 13. The jury unanimously determined that Movant was a member of the conspiracy and the quantities of cocaine and marijuana attributable to him. These determinations are sufficient to support Movant's conviction. *See Collins*, 493 F. App'x at 419-20. Therefore, trial counsel's decision not to make the argument propounded by Movant does not constitute ineffective assistance of counsel. The court grants summary judgment to the Government with respect to this ineffective assistance of counsel claim.

### *4. Trial Counsel's Arguments on Appeal*

Movant contends that trial counsel was ineffective for not raising on appeal the arguments outlined *supra* in Part IV.B.2 regarding the "least-punished drug." One of the key duties of appellate counsel is the "winnowing out [of] weaker arguments . . . and focusing on one central issue if possible, or at most a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). As noted above, the "least-punished drug" theory advanced by Movant lacks merit. Trial counsel's decision not to raise that argument on appeal, therefore, did not fall below an objective standard of reasonableness. The court grants summary judgment to the Government on this ineffective assistance of counsel claim by Movant.

### *5. Forfeiture*

Finally, Movant argues that trial counsel was ineffective for "convincing" Movant to "agree to a sever[ance] of the forfeiture provision." ECF No. 1214-1 at 18. Movant claims that the severance allowed the court to make a determination regarding forfeiture under a lower standard of proof than would have been required had the jury made the finding.

In criminal forfeiture preceding pursuant to 21 U.S.C. § 853 a preponderance of the evidence standard applies to forfeiture decisions, irrespective of whether the decision is made by a court or by a jury. The beyond a reasonable doubt standard does not apply to forfeiture proceedings. *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010) ("The burden is on the government to establish, by a preponderance of the evidence, that the property at issue is subject to forfeiture."). Movant has stated no factual or legal arguments that lead the court to conclude that the jury would not have authorized the forfeiture based on the jury's findings with respect to the drug conspiracy and Movant's involvement in it had the forfeiture question been submitted to the jury. Movant has not,

17

therefore, made the requisite showing of prejudice under *Strickland* to succeed on an ineffective assistance of counsel claim on this ground. Therefore, the court grants summary judgment to the Government with respect to Movant's ineffective assistance of counsel claim related to forfeiture.

## VI. Conclusion

For the foregoing reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1214) is **DENIED**. The Government's motion for summary judgment (ECF. No. 1244) is **GRANTED**.

## Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

  s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

February 13, 2015
Columbia, South Carolina