IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 1:10-466 |
| vs. ) | |
| ) | |
| Lamatavous Regtez Collins, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

On August 14, 2020, Defendant Lamatavous Regtez Collins, proceeding pro se, filed a "Request for Assistance with Motion for Compassionate Release / Fair Sentencing Act of 2018 / Covid-19 Release." Under 18 U.S.C. § 3582(c)(1)(A), the court, on motion of a defendant after (1) fully exhausting administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment.

To the extent Defendant seeks counsel to assist him in exhausting his administrative remedies, his motion is denied. An indigent party must present "exceptional circumstances" in order for the court to consider appointing a private attorney for that party. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Defendant has not presented exceptional circumstances that would justify appointment of counsel to assist him in pursuing compassionate release through the BOP.

To the extent Defendant moves to appoint counsel to file a motion for compassionate release in this court, Defendant must first apply to his Warden, and, if he receives a denial within 30 days, must appeal the Warden's denial to the Regional Director within 20 days and continue to appeal any denial until his administrative remedies are exhausted. See 28 C.F.R. part 542, subpart B. If the Warden does not act on the request within 30 days from its receipt, Defendant may reapply to this

court.

Defendant's motion to appoint counsel (ECF No. 1637) is denied, without prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 10, 2020